UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RONALD REAPE,

                Plaintiff,

v.                                                              1:13-CV-1426
                                                                      (GTS/CFH)
CAROLYN W. COLVIN, Comm'r of Soc. Sec.,

                Defendant.

APPEARANCES:                                               OF COUNSEL:

RONALD REAPE
 Plaintiff, *Pro Se*
819 Lincoln Avenue
Schenectady, NY 12307

U.S. SOCIAL SECURITY ADMIN.                     KATRINA M. LEDERER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Ronald Reape ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), is a motion by Defendant to dismiss this action for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is granted.

## I. RELEVANT BACKGROUND

Plaintiff applied for Social Security Disability Insurance and Supplemental Security Income in April 2012. (Dkt. No. 5-2 at 8 [Ex. 1 to Decl. of Patrick J. Herbst, Dec. 18, 2013].) Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On May 7, 2013, Plaintiff appeared before the ALJ and a hearing was held. (*Id*.) The ALJ issued a written decision finding Plaintiff not disabled on May 28, 2013. (*Id.* at 5-18.) On September 6, 2013, the Appeals Council denied Plaintiff's request for review in writing, rendering the ALJ's decision the final decision of the Commissioner. (Id. at 19-24.) The Appeals Council informed Plaintiff of his right to file a civil action and included the following notice of the time limit for such a filing:

> Time To File a Civil Action
>
> • You have 60 days to file a civil action (ask for court review).
>
> • The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> • If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.
>
> • You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

(Dkt. No. 5-2 at 21 [Ex. 1 to Decl. of Patrick J. Herbst, Dec. 18, 2013].)

Plaintiff, appearing *pro se*, commenced this action seeking judicial review on November 15, 2013. (*See* Dkt. No. 1 [Compl.].) In his complaint, Plaintiff alleges receiving the Appeals Council's September 6, 2013 notice on September 13, 2013. (*Id.*) On February 26, 2014, Defendant filed the current motion to dismiss. Shortly thereafter, the Court issued a briefing schedule, which included a March 17, 2014 deadline for the filing of opposition papers by Plaintiff. On April 3, 2014, Plaintiff filed a letter motion requesting an extension of time to file his opposition papers.[1] The next day, the Court issued an order granting Plaintiff's request for an extension and directing that Plaintiff's opposition papers be filed on or before April 28, 2014. (Dkt. No. 7 [Text Order, April 4, 2014].) On August 14, 2014, more than three months after expiration of the due date for filing his opposition papers, Plaintiff again filed a letter motion seeking an extension of time to file his opposition papers or to retain counsel.[2] The Court issued an Order that, due to Plaintiff's *pro se* status, a "FINAL extension" for the filing of Plaintiff's opposition papers to September 15, 2014 is granted but that "[n]o further extensions will be granted without good cause shown." (Dkt. No. 9 [Text Order, August 18, 2014].) On September 17, 2014, Plaintiff, still appearing *pro se*, filed an Affirmation in Opposition to Defendant's motion to dismiss. (Dkt. No. 10.)

---

[1] By way of explanation for failing to file his opposition papers, Plaintiff stated that he had been out of state "seeking medical treatment and only just received the motion yesterday." (Dkt. No. 6.)

[2] Plaintiff's proffered reason for his failure to file his opposition papers by the Court-ordered due date of April 28, 2014 is that he "underwent an L4-L5 laminotomy/ foraminotomy decompression of the nerve root on May 9, 2014" and that he was out of state for this procedure from May 7, 2014 through May 12, 2014. Plaintiff further states that he is undergoing physical therapy twice weekly at "Sunnyview Rehabilitation Hospital. . . [and is] basically homebound." For these reasons, Plaintiff requested additional time to respond to the motion pro se or retain counsel. (Dkt. No. 8.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Defendant's Arguments

In support of her motion to dismiss the complaint for lack of subject matter jurisdiction, Defendant argues that Court lacks jurisdiction of this action because Plaintiff failed to timely seek judicial review. (Dkt. No. 14-2 at 3-6 [Def.'s Mem. of Law].)

### B. Plaintiff's Arguments

In opposition to Defendant's motion to dismiss this action, Plaintiff makes two arguments. First, Plaintiff argues that he was given ineffective assistance of counsel and that his attorney gave him bad advice and did not inform him of when he needed to file his appeal. (Dkt. No. 10 at ¶3 [Pl.'s Aff. in Opp's].) Second, Plaintiff argues "multiple individuals at the Social Security office" where he filed his "appeal/complaint" told him that he was within the applicable time limits to do so. (*Id.*)

## III. RELEVANT LEGAL STANDARD

At the outset, the Court notes that a challenge to the timeliness of a complaint seeking judicial review of a Social Security decision in a is not properly brought as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See Henderson v. Shinseki*, 562 U.S. 428, 131 S. Ct. 1197, 1204 (2011) (citing *Bowen v. City of New York*, 476 U.S. 467, 478, and n.10, 106 S. Ct. 2022 (1986)). Rather, the Court reviews Defendant's timeliness challenge as a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) on the basis that the complaint is barred by the statute of limitations. *See Bender v. Astrue*, No. 09-CV-5738, 2010 WL 3394264, at *3, n.1 (E.D.N.Y. Aug. 23, 2010).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all

reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002) (citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). Additionally, as Plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, *Pardus*, 551 U.S. at 94, and the court is obliged to construe his pleadings liberally and interpret Plaintiff's pleadings as raising the strongest arguments they suggest, *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir.2006). Nevertheless, in order to survive a motion to dismiss, the plaintiff must provide "the grounds" upon which his claim rests through factual allegations sufficient "to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007). In deciding such a motion, the Court will consider those documents submitted by the parties which are matters of public record or which are deemed included in the complaint. *See Bender*, 2010 WL 3394264, at *3, n.1 (citing *Pani, M.D. v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998)).

## IV. ANALYSIS

### A. Whether the Plaintiff's Complaint Must Be Dismissed Because It is Untimely

To be sure, Plaintiff's complaint is untimely. The statutory deadline to commence an action for judicial review of a final decision of the Commissioner is sixty days "after the mailing [] of notice of such decision[.]" 42 U.S.C. § 405(g). By regulation, "mailing" is interpreted as receipt of such notice, which is presumed to occur five days after the notice is dated. *See* 20 C.F.R. §§ 404.981, 422.210(c). A claimant may rebut this presumption with a "reasonable showing" that he received notice of a decision after five days. *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984). Only after the presumption is rebutted will the burden shift to the Commissioner to show actual receipt. *See id.* Here, Plaintiff's Complaint alleges, without

5

explanation, that the notice was received on September 13, 2013, seven days after it was issued. Plaintiff's bare allegation in the Complaint does not constitute the requisite reasonable showing to rebut the presumption that notice was received five days after issuance. *See Liranzo v. Comm'r of Soc. Sec.*, No. 07-CV-5074, 2010 WL 626791, at *2 (E.D.N.Y. Feb. 23, 2010) (plaintiff must present some affirmative evidence indicating actual receipt occurred more than five days after issuance; a bare assertion of late receipt from plaintiff falls short of the reasonable showing necessary to over come the presumption) *aff'd*, 411 F. App'x 390 (2d Cir. 2011). *See also Marquez v. Comm'r of Soc. Sec.*, No. 12-CV-8151, 2013 WL 3344320, at *4 (S.D.N.Y. July 2, 2013) (allegation in complaint of late receipt of Appeals Council notice does not constitute a reasonable showing to rebut the five-day presumption). Moreover, even construing as true Plaintiff's allegation in the Complaint that he received the Appeals Council notice on September 13, 2013, Plaintiff's Complaint is still untimely. Here, the Appeals Council's notice is dated September 6, 2013 and Plaintiff alleges receipt September 13, 2013, but the complaint was not filed in this action until November 15, 2013. Even a short delay in filing a complaint may require dismissal of the case. *See Courtney v. Colvin*, No. 13-CV-02884, 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) (citations omitted); *Marquez*, 2013 WL 3344320, at *4 (citing *Rodriguez ex rel. J.J.T. v. Astrue*, 10-CV-9644, 2012 WL 292382 (S.D.N.Y. Jan. 31, 2012); *Johnson v. Comm'r of Soc. Sec.*, 519 F. Supp.2 d 448 (S.D.N.Y. 2007)). The sixty-day limitations period must be strictly construed because it is a condition to the government's waiver of sovereign immunity. *See Bowen*, 476 U.S. at 479, 106 S. Ct. 2022.

Nonetheless, a filing may be deemed timely under the doctrine of equitable tolling "where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir.

2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)). It is the plaintiff who bears the burden to show that tolling is justified. *See Liranzo v. Astrue*, No. 07-CV-5074, 2010 WL 626791, at *3 (E.D.N.Y. Feb. 23, 2010), aff'd, 411 F. App'x 390 (2d. Cir. 2011). While "equitable tolling is generally warranted only in rare and exceptional circumstances, it is not infrequently appropriate in cases involving social security benefits because Congress intended to be unusually protective of claimants in this area." *Liranzo*, 2010 WL 626791, at *3 (citations omitted).

Here, in his affirmation in opposition to Defendant's motion to dismiss his complaint, Plaintiff contends that his attorney gave him "bad advice and did not appropriately inform [him] of when [he] needed to appeal" the Social Security ruling. (Dkt. No. 10.) Plaintiff also alleges that "multiple individuals" at the Social Security office where he filed his "appeal/complaint" told him that he was within the time limits for filing such an "appeal/complaint." (*Id.*)

To be sure, courts have found equitable tolling to apply in situations "where misleading or covert action by the government or an attorney impedes a claimant from timely pursuing the correct judicial avenues." *Bender*, 2010 WL 3394264, at *5 (citing *New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir.1990)). For example, in *Bowen*, the Supreme Court found that the equities favoring tolling the statute of limitations were compelling where the Government's secretive conduct, which resulted in the denial of benefits to deserving claimants, prevented those claimants from knowing of a violation of rights. *See Bowen*, 476 U.S. at 480-481, 106 S. Ct. at 2030. Courts in this Circuit have also found equitable tolling appropriate where the Commissioner sent the claimant, who was accustomed to receiving notices in Spanish, the Appeals Council's decision in English only, and it took her an additional six days to find an

interpreter and legal services, *Correa v. Bowen*, 682 F. Supp. 755, 757 (S.D.N.Y. 1988) and where the Commissioner provided inadequate notice of the procedures that the claimant was required to follow to request an extension of time, *Laursen v. Massanari*, 164 F. Supp. 2d 317, 321 (E.D.N.Y. 2001). *See Bender*, 2010 WL3394264, at *5, n.2. In contrast, here Plaintiff alleges that "multiple individuals at the Social Security office" where he filed his "appeal/ complaint" told him that his filing was timely. To be sure, Plaintiff could not have sought judicial review by the filing of a complaint with the Commissioner. In any event, Plaintiff's "conclusory and vague allegation" of misinformation from Social Security employees is insufficient to justify tolling the statute of limitations. *See Courtney*, 2014 WL 129051, at 3 (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).

In addition, Courts applying equitable tolling in situations where an attorney impedes timely filing have done so under circumstances distinguishable from those existing here. For example, in *Torres*, the plaintiff submitted a sworn affidavit averring that he had been misled into believing that an attorney who was representing him before SSA would be timely filing the complaint and that upon learning he had been misled he promptly filed his complaint *pro se*. *See Torres*, 417 F. 3d at 277. Further, in *Hernandez v. Sullivan*, the plaintiff there submitted a letter from his attorney containing the inaccurate instructions for filing a complaint in support of plaintiff's assertion that he received conflicting information from the court and from an attorney as to the calculation of the deadline for filing in district court. *See Hernandez*, No. 91-CV-1836, 1991 WL 243451, at *3 (S.D.N.Y. Nov.8, 1991). Here, plaintiff's conclusory and vague allegation of "bad advice" from his attorney is insufficient to meet his burden of showing that tolling is justified. *See Courtney*, 2014 WL 129051, at 3 (citing *Boos*, 201 F.3d at 185).

Moreover, Plaintiff's bare allegations of "bad advice" from his attorney and "multiple individuals" at the Social Security office do not present the kind of extraordinary circumstances that warrant equitable tolling, especially given Plaintiff's assertion that he received the Appeals Council notice which clearly explains the 60-day deadline and the presumption of receipt within five days of issuance of the notice.

For all of these reasons, Plaintiff has failed to provide the requisite evidence of extraordinary circumstances to warrant application of equitable tolling. Consequently, Plaintiff's Complaint is untimely. Therefore, the Court grants Defendant's motion to dismiss this action.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss the complaint (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment dismissing this action in favor of Defendant.

Dated: January 22, 2015
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge